**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | HON. RUKHSANAH L. SINGH |
| v. | : | 26-mj-14033 (RLS) |
| BRANDON COUNCIL | : | **CRIMINAL COMPLAINT** |

I, Stephen A. Rabena, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

*/s/ Stephen A. Rabena*
Stephen A. Rabena
Special Agent
Federal Bureau of Investigation

Attested to by telephone pursuant
to Fed. R. Crim. P. 4.1(b)(2)(A) on
August 27, 2026 in Trenton, New Jersey

RECEIVED
AUG 27 2026
AT 8:30____________M
CLERK, U.S. DISTRICT COURT - DNJ

Hon. Rukhsanah L. Singh
United States Magistrate Judge

## ATTACHMENT A

**(Possession with Intent to Distribute Heroin)**

On or about July 22, 2026, in Mercer County, in the District of New Jersey, and elsewhere, the defendant,

**BRANDON COUNCIL,**

did knowingly and intentionally distribute, and possess with intent to distribute, a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## ATTACHMENT B

I, Stephen A. Rabena, am a Special Agent with the Federal Bureau of Investigation. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Because this Affidavit is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about July 22, 2026, law enforcement conducted an audio-recorded controlled purchase of suspected heroin from Brandon Council ("Council") utilizing a confidential human source ("CHS"), who was working at the direction of law enforcement, in Ewing, New Jersey.

2. Prior to the CHS's purchase of the suspected heroin, law enforcement searched the CHS for contraband, currency, and weapons, which yielded negative results. Law enforcement provided the CHS with a device with audio recording capabilities and funds to complete the narcotics purchase.

3. Before the transaction, Council arranged through telephonic communications to sell 30 bricks[1] of heroin to the CHS at a location near North Olden Avenue in Ewing. At the deal location, Council sold 30 bricks of suspected heroin with various ink stamps[2] to the CHS for approximately $1,550. The CHS departed the area and provided law enforcement with the suspected heroin. The narcotics transaction between Council and the CHS was captured on the provided audio recording device.

4. Law enforcement sent the suspected heroin to the Drug Enforcement Administration for laboratory testing, the results of which remain pending.

---

[1] A "brick" is typically comprised of approximately 50 smaller, individually packaged glassine envelopes or baggies containing heroin and/or fentanyl, which are bundled together, wrapped, and taped to form a small package.

[2] A particular variety of heroin and/or fentanyl often is identified by dealers and purchasers by an ink "stamp" placed by traffickers on the narcotics' packaging.